**TABU, S.p.A., Plaintiff,**

**v.**

**GREAT AMERICAN INSURANCE COMPANY, Defendant.**

**No. 90–C–409–S.**

United States District Court,
W.D. Wisconsin.

Feb. 4, 1991.

Bette M. Orr of Covington & Burling, Washington, D.C., and Julie Genovese of Foley & Lardner, Madison, Wis., for plaintiff.

John F. Jenswold of Jenswold, Studt, Hanson, Clark and Kaufmann, Madison, Wis., for defendant.

## ORDER

SHABAZ, District Judge.

Defendant Great American Insurance Company moves for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, against the plaintiff Tabu, S.p.A. Plaintiff also moves for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure. This Court has jurisdiction based upon 28 U.S.C. § 1332. Defendant's motion for summary judgment is granted. Plaintiff's motion for summary judgment is denied.

## FACTS

For purposes of this motion the following facts are found to exist without dispute.

Plaintiff Tabu S.p.A. (Tabu) is a corporation organized and existing under the laws of Italy, with its principal place of business in Cantu, Italy.

Defendant Great American Insurance Company (Great American) is a corporation organized and existing under the laws of the State of New York with its principal place of business in Cincinnati, Ohio. Great American is authorized to do business in the State of Wisconsin.

On approximately August 22, 1986 Great American issued a marine open cargo policy to Trans International Group, Inc. Trans International is a freight handler. Subsequently, the plaintiff and Birds Eye Veneer Company entered into a contract for shipment of veneer from Butternut, Wisconsin to Italy. Birds Eye arranged the freight and insurance for the shipment with Trans International. Pursuant to the marine open cargo policy issued to Trans International, the defendant issued a Certificate of Insurance to provide coverage for the shipment of the veneers from Butternut to Italy. The plaintiff was the consignee of the goods and therefore the holder of the certificate of insurance.

The veneers were packed in metal containers by Bird's Eye employees and transported by Aladdin Trucking from Butternut to the coast and then placed upon the Adriatic Trader for shipment overseas to Italy.

The cargo arrived in Italy on or about November 16, 1987. The containers were examined and it was discovered that the goods were fragmented and water soaked. Plaintiff made a claim for damage to the veneers and defendant refused to provide coverage based upon a policy exclusion. Plaintiff commenced this action against the defendant on May 23, 1990.

## MEMORANDUM

Summary judgment shall be granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Pursuant to Rule 56 the moving party "bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265

(1986). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Subsequently, the court should review the entire record with all reasonable inferences drawn from it taken in a light most favorable to the nonmoving party. *Reardon v. Wroan*, 811 F.2d 1025, 1027 (7th Cir.1987).

Defendant contends that plaintiff's action as it concerns Count I of its complaint, an action for breach of contract, is time barred because it was not commenced within twelve months of the events giving rise to the loss. In addition, defendant contends that the damage is not a covered loss due to an exclusion contained in the policy. Plaintiff argues that it is entitled to coverage because the policy explicitly provides coverage, any ambiguity in the policy must be construed in favor of coverage and that Great American cannot establish that the exclusionary language is applicable.

Concerning the statute of limitations issue, there are no disputed issues of material fact and as a matter of law the Court finds that the plaintiff's claim is barred by the one-year statute of limitations period as set forth in the applicable insurance policy. Accordingly, the issue of whether the damage to the cargo was the result of an inherent vice need not be addressed. It is also not necessary to address the issue of ambiguity in the insurance policy. Finally, as noted at footnote number 2 on page 5 of the brief entitled "Brief in Support of Plaintiff's Response to Defendant's Motion for Summary Judgment," neither Tabu nor Great American has moved for summary judgment on count II of the complaint which alleges that defendant breached the implied covenant of good faith in settling the plaintiff's claim. Therefore, the Court need not address any issues which pertain to the bad faith claim.

Here, the marine cargo insurance policy contains a provision which requires the claimant to commence an action against the insurer within twelve months from the date of the events giving rise to the loss. Said portion of the policy provides:

> It is a condition precedent to any action, suit or proceeding for the recovery of any claim upon, under or by virtue of this Policy that such action, suit or proceeding shall be commenced within twelve (12) months next after the date of the accident, disaster or event causing loss of, or damage to, the insured goods or giving rise to a claim for sue and labor expenses or, in case of a claim for general average contribution, salvage and/or special charges, next after the date of actual payment thereof by the ASSURED: Provided, however, that if, by the laws of the State or other within which this Policy or any certificate thereunder is issued or where the action, suit or proceeding is instituted, such limitation is invalid, then any such claim shall become barred and void unless such action, suit or proceeding shall be commenced within the shortest limit of time permitted by the laws of such State or place to be fixed herein for the bringing of such suit, action or proceeding.

Page 12, Clause 51 of Marine Open Cargo Policy No. OC–2694.

Wisconsin Statute § 631.83 provides for a six-year statute of limitations concerning insurance contract actions and prohibits a shorter statute of limitations period to be written into the insurance policy. The pertinent portion of this statute provides:

(2) GENERAL LAW APPLICABLE TO LIMITATION OF ACTIONS. Except for the prescription of time periods under sub. (1) or elsewhere in chs. 600 to 646, the general law applicable to limitation of actions as modified by ch. 893 applies to actions on insurance policies.

(3) PROHIBITED CLAUSES OF POLICIES. No insurance policy may:

(a) *Shorten periods of limitation.* Limit the time for beginning an action on the policy to a time less than that authorized by the statutes;

Upon an initial reading of Wisconsin Statute § 631.83 it appears as if the twelve month limitations period which is set forth in the marine policy is void and accordingly

the six year statute of limitations governed by Wisconsin Statute § 893.43 applies. However, after examining the statutory provisions that appear at the beginning of Chapter 631 which regulate the applicability of the chapter to various types of insurance contracts, it is apparent that Wisconsin Statute § 631.83 does not apply to ocean marine cargo insurance policies.

Wisconsin Statute § 631.01(3) provides: (3) OCEAN MARINE INSURANCE. Sections 631.03 to 631.09, 631.15(1) and (4), 631.20(1), 631.27, 631.41 to 631.51, 631.64 to 631.81 and 631.85 apply to ocean marine insurance; the commissioner may specify by rule that ocean marine contracts are subject to other provisions of this chapter upon a finding that the interests of Wisconsin insureds or creditors or of the public in this state so require.

The statute specifically delineates those portions of Chapter 631 which apply to marine insurance policies. The Court need not go to great lengths in its exercise of statutory construction principles, for when the plain meaning of a statute is evident, the plain meaning of the statutory language governs. *Melentowich v. Klink*, 108 Wis.2d 374, 321 N.W.2d 272 (1982) [The first step in statutory construction is to examine the language of the statute.]

■ Examining Wisconsin Statute § 631.01(3), the statute provides for an avenue by which other sections of Chapter 631 can be applied to marine policies. Namely, the Commissioner of Insurance may specify those additional provisions of Chapter 631 which may be appropriate for marine insurance policies. The Court agrees with defendant that there is no authority to indicate that the Commissioner has deemed it necessary to apply Wisconsin Statute § 631.83, the statute of limitations portion of Chapter 631, to marine policies. The Court also finds persuasive defendant's argument that marine policies are treated differently than other types of insurance policies. For whatever reason, whether it is the unique nature of those involved in the contractual relationship or the type of interests which the insurance contract was designed to protect, the Legislature has seen fit to allow those parties entering into the contractual relationship to determine the appropriate statute of limitations period by specifically excluding Wisconsin Statute § 631.83 from those provisions of Chapter 631 which apply to marine insurance policies.

Accordingly, the one year statute of limitations set forth in the insurance policy at issue is appropriate. As the damage to the cargo was discovered in November of 1987 and this lawsuit was not commenced until May of 1990, plaintiff's cause of action is barred.

### ORDER

IT IS ORDERED that plaintiff's motion for summary judgment is DENIED.

IT IS FURTHER ORDERED that defendant's motion for summary judgment is GRANTED.